```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     07-CR-401 (JS)

ELIJAH SANFORD,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Bonni Jessica Perlin, Esq.
                   United States Attorney's Office
                   271 Cadman Plaza East
                   Brooklyn, NY 11201

                   Mana Chaddu, Esq.
                   Rha & Kim
                   40-45 Utopia Parkway
                   Flushing, NY 11358

For Defendant:     Elijah Sanford, pro se
                   #71955-053
                   Otisville Federal Correctional Institution
                   P.O. Box 1000
                   Otisville, NY 10963

                   Richard D. Haley, Esq.
                   Haley Weinblatt & Calcagni, LLP
                   1601 Veterans Memorial Highway, Suite 425
                   Islandia, NY 11749
```

SEYBERT, District Judge:

        Currently pending before the Court is defendant Elijah Sanford's ("Defendant") motion to amend his Presentence

Investigation Report ("PSR"), filed on March 28, 2011.[1]  For the reasons set forth below, Defendant's motion is DENIED.

BACKGROUND

On August 17, 2007, this Court sentenced Defendant to a term of 148 months imprisonment pursuant to his guilty plea to one count of 18 U.S.C. § 1951(a), Interference with Commerce by Threats or Violence.  According to Defendant, some of the information contained in his PSR is incorrect.  Specifically, Defendant maintains that, although the PSR acknowledges that a report indicating that Defendant had verbally threatened a woman, threatened her with a gun, and grabbed her was false, the PSR also reflects that Defendant committed these acts. Accordingly, the Federal Bureau of Prisons ("BOP") "has denied the defendant a reduction in classification" from a high security facility to a medium security facility.  (Def.'s Mot. to Amend, Docket Entry 24, ¶ 6.)  Defendant asserts that, if his PSR were amended to accurately reflect that the report is false, his classification in the BOP system--which is determined according to a point system (Def.'s Mot. to Amend ¶ 12)--would decrease, allowing him to be transferred to a medium security facility.

---

[1] Also pending before the Court is Defendant's motion for reconsideration of the Court's November 21, 2013 Order.  That motion will not be addressed in the instant Memorandum and Order.

2

DISCUSSION

Defendant has not identified the specific rule or statute pursuant to which he seeks relief. However, as Defendant has filed his motion pro se, the Court will read his submissions with the appropriate level of liberality. See Washington v. Reilly, 226 F.R.D. 170, 171 (E.D.N.Y. 2005) ("[P]ro se litigants are afforded a wide degree of latitude with regard to their submissions, as the Court construes their papers 'to raise the strongest arguments that they suggest.'" (quoting Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995)).

I. Federal Rule of Criminal Procedure 32

Federal Rule of Criminal Procedure 32 specifies the procedures for the preparation of the PSR and objections to the PSR. See United States v. Jones, 869 F. Supp. 2d 373 (E.D.N.Y. 2012) (citing FED. R. CRIM. P. 32(f)-(g)); see generally FED. R. CRIM. P. 32. It also provides a means for addressing inaccuracies prior to sentencing, but it does not provide for a means of correcting the PSR, and it does not "standing alone, 'give a district court jurisdiction to correct inaccuracies in a [PSR] report after a defendant has been sentenced.'" Jones, 869 F. Supp. 2d at 375-76 (quoting United States v. Giaimo, 880 F.2d 1561, 1563 (2d Cir. 1989)).

Accordingly, the Court does not have jurisdiction to correct the PSR now that sentencing is complete.

## II. 28 U.S.C. § 2241

Defendant, however, does seem to challenge the execution of his sentence, which can be considered a habeas petition pursuant to 28 U.S.C. § 2241.[2]

Even considering this as a Section 2241 habeas petition, though, Defendant's motion suffers from several deficiencies. First, since the filing of Defendant's motion, he has been transferred to Otisville Federal Correctional Institution ("Otisville"). (See Docket Entry 25.) A petitioner pursuant to Section 2241 must name his warden as the respondent and file the petition in the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513, 533 (2004). Otisville is located in the Southern District of New York, not the Eastern District of New York. If this were the only deficiency, the Court could transfer Defendant's converted petition to the Southern District. See Jennings, 2009 WL 1230317, at *5 (considering transfer to the appropriate district but declining to do so

---

[2] As Defendant raises a challenge to the execution of his sentence, rather than his conviction or sentence as it is imposed, the Court considers Defendant's request pursuant to Section 2241 and not Section 2255. See Jennings v. United States, No. 08-CV-3661, 2009 WL 1230317 (E.D.N.Y. Apr. 29, 2009) ("'A challenge to the execution of a sentence--in contrast to the imposition of a sentence--is properly filed pursuant to § 2241.'" (quoting Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (emphasis in original)).

4

"[a]s a matter of comity and respect for the time of a peer district court").

Second, Otisville is a medium security facility, thus indicating that Defendant's motion may now be moot. Defendant challenged the PSR and sought its correction so that he may be transferred to a medium security facility.

Third, BOP officials have "full discretion" over prisoner classification. Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976). Thus,

> absent a showing that the challenged confinement imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or that the BOP's action "will inevitably affect the duration of his sentence," prisoners . . . do not have a constitutionally protected liberty interest under the Federal Constitution in prisoner classifications in the federal prison system.

Collins v. Schult, No. 08-CV-1230, 2010 WL 411055, at *4 (N.D.N.Y. Jan. 27, 2010) (quoting Sandin v. Conner, 515 U.S. 472, 484, 487, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). Generally, courts have held that a prisoner's classification and designation in the BOP system does not rise to the level of a constitutional violation. See id.; see also Jones, 869 F. Supp. 2d at 377.

Accordingly, the Court declines to transfer to the Southern District.

5

CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED and the Court declines to transfer to the Southern District. Should Defendant wish to bring a habeas petition challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, keeping in mind the aforementioned discussion and the requirements of a Section 2241 petition more generally--including requirements of exhaustion--he must do so in the District in which he is confined.

The Court also notes that there is a pending motion for reconsideration. (Docket Entry 33.) The Government is directed to file an opposition/response on or before June 20, 2014.

The Clerk of the Court is directed a mail a copy of this Memorandum and Order to pro se Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __28__, 2014
Central Islip, NY